IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SARAH FULLER CALLAHAN,                                                               PLAINTIFF
ADMINISTRATRIX FOR THE ESTATE
OF LEE CALLAHAN

VS.                                                                     CIVIL ACTION NO. 2:06cv256 KS-MTP

FEDERATED MUTUAL INSURANCE COMPANY                                   DEFENDANT

## ORDER ON MOTION TO COMPEL PRODUCTION OF DOCUMENTS

This matter is before the court on the Motion to Compel Production of Documents [55] filed by plaintiff seeking production of certain records withheld by defendant on grounds of attorney client privilege or work product as set forth on the privilege log prepared by defendant. The court heard oral argument at a telephonic hearing on July 8, 2007, wherein the scope of the motion or request was limited to documents withheld from production which were created or generated from January 29, 2003 to January 31, 2004. The court having considered the motion, the response thereto, the arguments of counsel and the applicable law, as well as having conducted *in camera* inspection of the documents at issue finds that the motion should be granted in part and denied in part.

The documents submitted to the court were described in detail and by document number on the Second Revised Privilege Log and Description of Objection [57-2] filed by defendant. For ease of reference, the court will refer to the individual records at issue by document number.

The vast majority of the records submitted for review are communications which are protected by the attorney client privilege or which constitute work product, settlement strategy, and attorney mental impressions for which there is no substantial need for disclosure. However, certain of the documents at issue, while generated by an attorney, are mere transmittal letters which contain no privileged information. *See Jacobs v. Tapscott*, No. 3-04-CV-1968-D, 2006 WL 1140460, at *2 (N.D. Tex. May 1, 2006) (holding that transmittal letters and fax cover sheets contained no confidential information, and therefore, were not privileged); *Dixie Mill Supply Co. v. Cont'l Cas.*

*Co.*, 168 F.R.D. 554, 559 (E.D. La. 1996) ("Mere transmittal letters or confirmation letters, which do not contain any confidential communications or attorney advice, opinion or mental impressions, are not privileged simply because they are written by or to an attorney"). Accordingly, the defendant is ordered to produce the following records on or before July 12, 2007:

1. FIC 200094   4/28/03 Correspondence to Kim Tran from Donald Burch;

2. FIC 200098   6/27/03 Correspondence to Kim Tran from Donald Burch;

3. FIC 200099   7/3/03  Correspondence to Kim Tran from Donald Burch; and

4. FIC 200104   7/17/03 Correspondence to Kim Tran from Donald Burch.

The remaining documents need not be produced.

SO ORDERED AND ADJUDGED this the 11th day of July, 2007.

s/ Michael T. Parker
United States Magistrate Judge